NOT FOR PUBLICATION                    [Docket Nos. 14, 15, 17]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

MNM STABLES, LLC,

                Plaintiff,          Civil Action No. 07-5142 (RMB)

     v.

EDDIE WOODS STABLES, LLC,           **OPINION**
OCALA BREEDERS' SALES
COMPANY, WATERVILLE
INSURANCE & BLOODSTOCK
SERVICES, LLC

                Defendants.

Paul A Sandars, III
Lum, Danzis, Drasco, Positan, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
    Attorney for Plaintiff

Douglas Harry Amster
Leclairryan
Two Penn Plaza East
Newark, NJ 07105
    Attorney for Defendant Eddie Wood Stables, LLC

Joseph Peter Rindone
Wilson Elser
33 Washington Street
Newark, NJ 07102
    Attorney for Defendant Ocala Breeders' Sales Company

Heather Nicole Oehlmann
Jonathan Matthew Preziosi
Pepper Hamilton, LLP
301 Carnegie Center Suite 400
Princeton, NJ 08543
    Attorneys for Defendant Waterville Insurance & Bloodstock
    Services, LLC

**BUMB**, United States District Judge:

**Introduction:**

This matter comes before the Court upon the following motions brought by Defendants:  the motion of Eddie Woods Stables, LLC ("Eddie Woods") to dismiss for lack of jurisdiction and pursuant to forum selection clause; the motion of Ocala Breeders' Sales Company ("Ocala") to dismiss and/or transfer; and the motion of Defendant Waterville Insurance & Bloodstock Services, LLC ("Waterville") to dismiss for improper venue or transfer to the Middle District of Florida.  Because the Defendants' motion papers present identical issues and Plaintiff has submitted one opposition brief responding to all three motions, this Court will address all three motions simultaneously.

**Discussion:**

Defendants have brought these motions asking this Court to dismiss Plaintiff's complaint or, alternatively, to transfer this action to the United States District Court for the Middle District of Florida.

Defendants first argue that Plaintiff has chosen an improper venue because this Court lacks personal jurisdiction over all Defendants.  If no personal jurisdiction exists, venue in this District is improper and the case must be dismissed or

transferred under 28 U.S.C. § 1406(a).  If Defendants are wrong

and personal jurisdiction does exist, venue is proper in this

District.  However, the Court need not resolve the issue of

personal jurisdiction because even if venue is proper in this

District, the Court may nonetheless transfer the case pursuant to

28 U.S.C. § 1404(a).  See Sinochem Inter. Co. Ltd. v. Malaysia

Inter. Shipping Corp., 127 S. Ct. 1184, 1194 (2007) ("where

subject-matter or personal jurisdiction is difficult to

determine, and forum non conveniens[1] considerations weigh

heavily in favor of dismissal, the court properly takes the less

burdensome course").  Section 1404(a) provides,

> [f]or the convenience of parties and witnesses, in the
> interest of justice, a district court may transfer any
> civil action to any other district or division where it
> might have been brought.

28 U.S.C. § 1404(a).


FORUM SELECTION CLAUSE

In support of their motions to transfer, Defendants point to

the forum selection clause contained in the Conditions of Sale,

which governed the sale at issue.  This clause states,

> FIRST - APPLICABLE LAW; LIMITATIONS OF WARRANTY; VENUE;
> AND WAIVER OF JURY TRIAL:  The sale and purchase of all

---

[1] "For the federal-court system, Congress has codified the doctrine [of forum non conveniens] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.  See 28 U.S.C. § 1404(a)."  Sinochem, 127 S. Ct. at 1190-91.

> horses in this sale, and all matters incidental
> thereto, shall be governed by the laws of the State of
> Florida.  Venue and jurisdiction for all legal
> proceedings arising out of the sale and purchase of any
> horse sold by Ocala Breeders' Sales Company...shall be
> solely and exclusively in Marion County, Florida.

(Conditions of Sale, Ocala Breeders' Sales Company catalogue

(Def. Ocala Motion, Ex. B)) (emphasis added).  Defendants argue

that this clause contains express, unambiguous contractual

language regarding the exclusive forum and, therefore, this Court

must transfer this matter to Florida.

This Court's first task is to determine whether the forum

selection clause is valid and enforceable.  In the Third Circuit,

pursuant to the Supreme Court's instruction, forum selection

clauses are "presumptively valid."  Reynolds Publishers Inc., v.

Graphics Financial Group, 938 F. Supp. 256 (D.N.J. 1996).

Moreover, such clauses will generally be enforced unless the

objecting party establishes any of the following:

> (1) it is the result of fraud or overreaching; (2) that
> enforcement would violate strong public policy of the
> forum, or (3) that enforcement would, in the particular
> circumstances of the case, result in litigation in a
> jurisdiction so seriously inconvenient as to be
> unreasonable.

Id. at 263 (citing Costal Steel Corp. v. Tilghman Wheelabrator

Ltd., 709 F. 2d 190, 202 (3d Cir. 1983)).

Here, Plaintiff argues that the forum selection clause was

never agreed to by Plaintiff and is unenforceable under the

circumstances of this case.  Specifically, Plaintiff claims that

4

the clause was never discussed nor was it included in any

document that was signed by MNM Stables.  In his declaration, Mr.

Maloney states, "there was never any discussion and I was never

advised by any of the defendants of the existence of a 'forum

selection clause' that would govern the parties' contractual

relationship."  (Maloney Decl. at ¶ 11).  Similarly, he claims

that he never "discussed with our agent, Goldthorpe, a forum

selection clause nor did I authorize him to discuss or agree to a

forum selection clause on behalf of Plaintiff..."  (Id. at ¶ 13).

Plaintiff also claims that he never received a complete copy of

the catalogue, but only certain portions of it which did not

contain the forum selection clause.  (Id. at ¶ 12).  Finally,

Plaintiff argues that the clause is "buried at Page 21" of the

catalogue and appears in "an inconspicuous type and nothing was

done to call [his] attention to the existence of such language."

(Id. at ¶ 15).

      Plaintiff's arguments do not fit into any of the exceptions

noted by the Third Circuit in Costal Steel, 709 F. 2d at 202 – he

does not allege fraud, a violation of public policy, or an

unreasonable inconvenience of litigating in Florida.  Rather,

Plaintiff argues that the forum selection clause is unenforceable

because he was not aware of it and never discussed it.  Neither

argument constitutes a valid reason to ignore the forum selection

clause.  "A failure to read a contract will not excuse a party

who signs it, nor will the party's ignorance of its obligation."

Park Inn Int'l., v. Mody Enter., Inc., 105 F. Supp. 2d 370, 375

(D.N.J. 2000) (noting that "[t]he enforceability of unread forum

selection clauses has frequently been litigated in the context of

tickets for passage by ship, usually to the disappointment of the

passenger resisting enforcement of the clause").  Similarly,

"that there may not have been actual negotiations over a forum

selection clause does not affect its validity."  Id. at 375

(internal citations omitted).

        Moreover, while Plaintiff may have been unaware of the

clause, Defendants have presented evidence that he had no excuse

for his unawareness.  On March 20, 2006, Plaintiff executed a

Buyer's Authorized Agent form that named Mr. Goldthorpe as his

agent and represented as follows:

> I authorize said agent [Goldthorpe] to do all things
> incidental to and in furtherance of the purchase of
> horses and I agree to pay for all animals purchased by
> said agent on my behalf in accordance with Ocala
> Breeders' Sales Company's conditions of sale...

(Buyer's Authorized Agent, Def. Ocala Motion, Ex. C) (emphasis

added).  On March 21, 2006, Mr. Goldthorpe, acting pursuant to

Plaintiff's authorization, executed the Acknowledgment of

Purchase and Security Agreement, which states,

> Purchaser acknowledges that he is familiar with the
> "Conditions of Sale" as printed in the catalog and this
> purchase is subject to those conditions, the same being
> made a part hereof and incorporated by reference
> herein.

(Acknowledgment of Purchase and Security Agreement, Def. Ocala Motion, Ex. C) (emphasis added).  Thus, although Plaintiff may have been unaware of the forum selection clause, he represented that he was aware of the conditions of sale[2] when he authorized his agent to execute the agreement <u>in accordance with Ocala's conditions of sale</u>.

Additionally, as Plaintiff's agent, Mr. Goldthorpe was cloaked with the authority to act on Plaintiff's behalf.  Indeed, pursuant to the authorization agreement, Plaintiff authorized Mr. Goldthorpe "to do <u>all things</u> incidental to and in furtherance of the purchase..."  (Buyer's Authorized Agent, Def. Ocala Motion, Ex. C) (emphasis added).  Thus, there was no limit on Mr. Goldthorpe's authority to act on Plaintiff's behalf.  Where "an individual or an entity is clothed with apparent or real authority to speak and act for and on behalf of another, the latter is bound thereby."  <u>NN&R, Inc., v. One Beacon Ins. Group</u>, 362 F. Supp. 2d 514, 519 (D.N.J. 2005).  Pursuant to Plaintiff's broad authorization to act on Plaintiff's behalf, Mr. Goldthorpe signed the sale agreement, which explicitly referenced and

---

[2] At oral argument, Plaintiff attempted to distinguish the general lower-case "conditions of sale" from the specific capitalized "Conditions of Sale," arguing that his acknowledgment of the former did not constitute acknowledgment of the latter. The Court finds no merit in this argument, but even if it were true, it cannot save Plaintiff's unawareness defense because his own agent, acting on his behalf, specifically acknowledged the "Conditions of Sale" in the purchase agreement.

incorporated the Conditions of Sale containing the forum selection clause, and Plaintiff was thereby bound.

Finally, contrary to Plaintiff's characterization of the forum selection clause as "buried" and "inconspicuous," the Court notes that the clause appears on the very first page of the Conditions of Sale under the all-capitalized heading that reads, "FIRST - APPLICABLE LAW; LIMITATIONS OF WARRANTY; VENUE..."  This is not inconspicuous.

The language of the forum selection clause is clear and unambiguous.  Had Plaintiff taken the time to consider all the necessary papers, he would have been aware of the clause.  Having authorized his agent to "do all things incidental to and in furtherance of the purchase[,]" Plaintiff cannot not now, in hindsight, revoke his authority.  Indeed, his agent, Mr. Goldthorpe, was aware of the forum selection clause.  (See Goldthorpe Cert. at ¶¶ 16-17).  Plaintiff is bound by the forum selection clause contained in the Conditions of Sale.  This Court finds the forum selection clause fully enforceable.

CONVENIENCE OF PARTIES AND WITNESSES

Where a forum selection clause is valid, "the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum."  Jumara v. State Farm Ins., 55 F.3d 873, 880 (3d Cir. 1995).  While the contractual forum

choice is given considerable weight, however, the existence of

such a clause is not dispositive and this Court must also

consider several other factors in determining the appropriateness

of a transfer pursuant to § 1404(a).  Stewart Org., Inc., v.

Richoh Corp., 487 U.S. 22, 29-30 (1988).  These factors include

matters of both private and public interests as delineated in

Jumara.  The private factors include:

> 1) the Plaintiffs' forum preference; (2) the
> Defendant's forum preference; (3) the location where
> the events occurred and claims arose; (4) the
> convenience of the parties; (5) the convenience of the
> witnesses; and (6) the ease of access to sources of
> proof.

Select Medical Corp. v. Hardaway, 2006 U.S. Dist. LEXIS 15326 at

*12 (E.D. Pa. Mar. 31, 2006)(citing Jumara, 55 F.3d at 879-80).

The public interest factors to be considered include:

> (1) the relative congestion and burden of the courts in
> the two fora; (2) the relative ability of the two fora
> to resolve the case more expeditiously and
> inexpensively; (3) the interest of the community
> at-large, including the interest of a potential jury
> that would be required to resolve a case that has no
> relation to its community, and the interest of the
> communities in having controversies resolved where they
> arise; and (4) the familiarity of the court with the
> state law of a foreign state and appropriateness of
> trying a diversity case in a forum that is at home with
> the state law that must govern the case, rather than
> having a court untangle problems in conflict of law,
> and in law foreign to itself.

Id.

With regard to the private interests, it is clear that

Plaintiff prefers New Jersey and Defendants, Florida.  Plaintiff

argues that its choice of venue should not be disturbed; however, the forum selection clause deems Florida the preferred forum. Defendants contend that the necessary witnesses and proof are located in Florida, thus rendering Florida the more convenient forum.  Specifically, Defendants have listed ten non-party witnesses "who possess the most direct, unbiased and reliable personal knowledge of Grand Cinnabar's condition at the time of auction[,]" from veterinarians to trainers to people who witnessed the horse breeze prior to the auction.  (Def. Waterville Reply at 9).  All of these witnesses are in Florida and because they are non-party witnesses, Defendants have no ability to compel them to travel to New Jersey for trial.  LG Elecs. Inc. v. First Int'l Computer of Am., Inc., 138 F. Supp. 2d 574, 590-91, (D.N.J. 2001) (granting defendant's motion to transfer where most non-party witnesses were not subject to compulsory process in forum selected by plaintiff and where plaintiff failed to identify any witnesses who resided in forum selected).  In contrast, as Defendants cogently point out, to the extent Plaintiff seeks to employ expert witnesses on his behalf, Plaintiff would have control over these experts so as to compel them to appear in Florida.

Plaintiff offers nothing to show that New Jersey would be more convenient for witnesses or proof.  In fact, when questioned at oral argument about the necessary witnesses located in New

Jersey, counsel for Plaintiff cited only Mr. Maloney – i.e., Plaintiff.  Rather than focusing on the convenience of the witnesses, Plaintiff argues in favor of New Jersey because "[t]he target of [Defendants'] tortious conduct, MNM Stables, is located in New Jersey."  While this argument is significant with respect to the jurisdictional issue, it is not as probative to the 1404(a) analysis.  Thus, other than additional costs and distance, Plaintiff has offered no other reason preventing it from traveling to Florida and financial hardship alone is not enough.  Danka Funding, LLC v. Page Scrantom, Sprouse Trucker & Ford, P.C., 21 F. Supp. 2d 465, 471-72 (D.N.J. 1998) ("[m]ere inconvenience or additional expense is not the test for unreasonableness") (internal quotations omitted).

With regard to the public factors, Plaintiff has offered no evidence that the District of New Jersey is less congested or better equipped to handle this matter.  Plaintiff does assert that New Jersey has a "strong prevailing interest in protecting Plaintiff, a New Jersey resident, from the tortious acts committed upon it, in New Jersey."  (Pl. Opp. at 16).  While New Jersey certainly has an interest in protecting its citizens, there is no indication whatsoever that the United States District Court for the Middle District of Florida would not apply the law properly to protect Plaintiff's interests appropriately.

In addition, Defendant effectively argues that the public interest will be served by sending the case to Florida because the Conditions of Sale provide that Florida law applies.  The courts of that forum are more familiar with the laws of that state than this Court; this public interest factor weighs in favor of the requested transfer.   See <u>Select Medical Corp</u>., 2006 U.S. Dist. LEXIS 15326 at * 19 (finding that where Pennsylvania law applied to case per forum clause, Pennsylvania courts were better equipped to apply their own law than Texas).

On balance, the existence of the valid forum selection clause, which receives substantial consideration, coupled with the above-listed factors ultimately militates in favor of transferring this matter to the Middle District of Florida.

**Conclusion:**

In conclusion, a transfer to Florida is proper under 28 U.S.C. § 1404(a).  Because this Court has decided to transfer the matter, Defendants' motions to dismiss are denied as moot.

An accompanying Order will issue this date.

Dated: February 5, 2008                    s/Renée Marie Bumb
                                           RENÉE MARIE BUMB
                                           UNITED STATES DISTRICT JUDGE